UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ANDREW BERKOWITZ,**

                Plaintiff,

                v.

**FORT DIX LOW COMPUND,** *et. al.***,**

                Defendants.

Civil Action No. 25-2361

**ORDER**

**CECCHI, District Judge**

       Before the Court is Petitioner Andrew Berkowitz's *pro se* complaint filed under 42 U.S.C. § 1983. (ECF. No. 1). For the reasons stated below the Court will administratively terminate this matter until Plaintiff either pays the applicable filing fees or files a complete *in forma pauperis* ("IFP") application.

       A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

       Here, Plaintiff did not pay the requisite filing fee or submit an IFP application. (*See* ECF No. 1). Accordingly, this Court will administratively terminate this case. Plaintiff will be allowed to reopen the case by submitting a completed IFP application, including a certified inmate trust fund account statement, or by paying the filing fee.

       Whether the matter proceeds IFP or Plaintiff pays the filing fee, the Court must still screen Plaintiff's complaint and dismiss the case if it finds that the action is: (1) frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee is not refunded. If Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**THEREFORE, IT IS** on this 8th day of August 2025,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter because Plaintiff failed to pay the requisite filing fee or submit an application to proceed IFP; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that, if the case is reopened, it is not subject to the statute of limitations time bar provided the original petition was timely; and it is further

**ORDERED** that, if Plaintiff wishes to reopen this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing; Plaintiff's writing shall include either: (1) a properly completed *in forma pauperis* application, including a certified six-month prison account statement; or (2) the filing fee; it is further

**ORDERED** that, upon receipt of a writing from Plaintiff stating that he wishes to reopen this proceeding and either a complete IFP application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this proceeding; and it is further

**ORDERED** that the Clerk shall serve (1) a copy of this Memorandum and Order; (2) an Application for a Civil Rights Complaint under 42 U.S.C. § 1983, form DNJ-ProSe-006_1; and (3) Application to Proceed *In Forma Pauperis* in a Civil Rights Case, form DNJ-Pro Se-007-A, upon Petitioner by regular U.S. mail.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
United States District Judge